O

# United States District Court
# Central District of California

| | |
|---|---|
| SHAUNDA MCDANIEL; TAMMI ROBINSON, <br><br> Plaintiffs, <br><br> v. <br><br> L BRANDS, INC; VICTORIA'S SECRET STORES LLC; MARIA LNU (LAST NAME UNKNOWN); and DOES 1 through 100, <br><br> Defendants. | CASE NO.2:16-cv-04289-ODW-RAO <br><br> **ORDER DENYING MOTION TO REMAND AND DENYING REQUESTS FOR MONETARY SANCTIONS [19]** |

## I.  INTRODUCTION

Plaintiffs Shaunda McDaniel and Tammi Robinson move to remand this action to the Los Angeles Superior Court for lack of subject matter jurisdiction.  (Motion to Remand ("Mot.") 1–2, ECF No. 19.)  Plaintiffs argue that Defendants' Notice of Removal ("Not.") is defective because it does not join all defendants, it does not prove an amount in controversy, and because complete diversity does not exist.  (Not. 9, ECF No. 1.)  For the reasons discussed below, the Court finds that Defendants have successfully shown that the case meets the requirements for diversity jurisdiction and

that the Notice of Removal is not defective. As such, the Court hereby **DENIES** Plaintiffs' Motion to Remand, **DENIES** both parties' requests for monetary sanctions, and **LIFTS** the temporary stay of this case.

## II.     FACTUAL BACKGROUND

Plaintiffs McDaniel and Robinson both identify as African American. (Compl. ¶ 1, ECF No. 1-1.) On or about June 16, 2015, Plaintiffs were shopping at the Victoria's Secret store at the Beverly Center in Beverly Hills, California, where they were involved in a confrontation with another customer "who appeared to be white." (Compl. ¶ 7.) Plaintiffs allege that the customer hit and pushed Plaintiffs yet refused to apologize. (*Id*.) A manager responded and inquired about the situation. (*Id.* ¶ 8.) While all three women were being detained, another manager arrived. (*Id.* ¶ 9.) With little or no investigation, the store manager immediately told Plaintiffs to leave the store yet allowed the other customer to continue shopping. (*Id*.)

Plaintiffs filed this suit in Los Angeles Superior Court on June 15, 2016, claiming racial bias against various defendants, including Victoria's Secret Stores, LLC ("Victoria's Secret"). (Compl. ¶ 5.) Plaintiffs' complaint alleges seven causes of action: (1) violation of California Civil Code Section 51; (2) negligence, negligent supervision and management; (3) slander; (4) intentional infliction of emotional distress; (5) false arrest, imprisonment; (6) violation of California Business & Professions Code section 17200; and (7) violation of the Consumer Legal Remedies Act. (*Id.*) In recompense, Plaintiffs seek: (1) special and general damages in an amount not to exceed two million dollars per Plaintiff; (2) punitive and exemplary damages not to exceed two million dollars per Plaintiff; (3) a permanent injunction against discrimination; (4) actual damages up to a maximum of three times the amount of actual damage but no less than four thousand dollars per Plaintiff; (5) attorneys' fees and costs in an amount not to exceed two million dollars per Plaintiff; and (6) other relief as the Court deems proper in an amount not to exceed two million dollars per Plaintiff. (*Id.* ¶ 81.)

On June 15, 2016, Defendants Victoria's Secret and L Brands, Inc. filed a Notice of Removal to this Court pursuant to 28 U.S.C. §1332(a), which gives federal courts jurisdiction over a civil action if the amount in controversy exceeds $75,000 and all Defendants' citizenships are diverse from all Plaintiffs' citizenships. (Not. 1.) The removal notice stated that both the amount in controversy requirement and the diversity of citizenship requirement are satisfied. (Not. 3-4.) On July 15, 2016, Plaintiffs moved to remand the case to state court, asserting that the removal notice was "defective" because Defendants did "not proffer any evidence as to the amount in controversy." (Mot. 4.) In opposition, Defendants offered three press reports about the Plaintiffs' lawsuit indicating that Plaintiffs' Complaint is seeking damages in excess of $75,000. (Opp'n, ECF No. 25.) The Motion to Remand is now before the Court for consideration.[1]

### III.    LEGAL STANDARD

A defendant may remove a case from a state court to a federal court pursuant to 28 U.S.C. § 1441 on the basis of federal question or diversity jurisdiction. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, exclusive of interest and costs. *Id.* § 1332(a).

When a defendant's amount-in-controversy allegation is not contested by the plaintiff or questioned by the court, the removing defendant's amount-in-controversy allegation should be accepted. *Id.* at 550. However, when, as here, the plaintiff contests the defendant's allegation, § 1446(c)(2)(B) instructs: "[R]emoval … is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. *Id.*

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## IV. DISCUSSION

As a preliminary matter, Plaintiffs' argument that the Notice of Removal was defective because it did not join all defendants is without merit. Because service had not been properly effected upon Maria LNU (aka Maria Burton) at the time of removal, her joinder was not required for the removal to be effective.[2] *See Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) (holding that where defendants were not properly served, their joinder in the petition for removal was not required). Further, Maria Burton effectively consented to removal through her concurrently-submitted declaration. (*See* Burton Decl.)

### A. Complete Diversity of the Parties Exists

Plaintiffs' Complaint states plainly that they are both residents of California. (Compl. ¶ 13.) Corporate Defendants L Brands Inc. and Victoria's Secret each submitted Corporate Disclosure Statements pursuant to Federal Rule of Civil Procedure 7.1, which establish: L Brands Inc. is incorporated under the laws of Delaware and is publicly traded on the New York Stock Exchange, and Victoria's Secret is incorporated under the laws of Delaware and has its principal place of business in Ohio. (Def. L Brands Inc. Corporate Disclosure Statement, ECF No. 5; Def. Victoria's Secret Stores LLC Corporate Disclosure Statement, ECF No. 4.) Providing further proof of Victoria's Secret's citizenship, the Declaration of Robert Stalter, counsel for both corporate Defendants, states that Victoria's Secret is a wholly-owned subsidiary of Retail Store Operations, Inc., which is a Delaware Corporation with its principal place of business in Ohio. (Stalter Decl. ¶ 4.) These

---

[2] Cal. Code of Civ. P. 415.20(b) requires that for "substitute service" to be effective, copies of the summons and complaint must be left a defendant's usual place of business or abode, and additional copies must be mailed to the place where the summons and complaint were left. Here, the summons and copies were left at the Victoria's Secret Store at which the incident in controversy took place (Declaration of Suzanne Rand-Lewis ("Rand-Lewis Decl.") ¶ 4). This was not the usual place of business or abode of Maria LNU at the time of attempted service. (Declaration of Maria Burton ("Burton Decl.") ¶ 7.) In addition, Maria Burton (aka Maria LNU) did not receive copies of the summons or complaint in the mail. (*Id.* ¶¶ 11—12.) As such, Plaintiffs did not properly effect substituted service upon Maria Burton by the time of the Notice of Removal.

1  pieces of evidence demonstrate that none of the corporate Defendants are citizens of
2  California. Finally, Maria Burton's Declaration clearly states that her domicile is
3  Denver, Colorado, and that it is her intention to remain a resident of Colorado.
4  (Burton Decl. ¶ 7.) This satisfies the requirement that for an individual to be a citizen
5  of a state, she must have established a residence there and intend to remain
6  permanently or indefinitely. *See Lew v. Moss*, 797 F.2d 747, 749—50 (9th Cir. 2001).

7  For the above reasons, the Court finds there is complete diversity in this case.
8  All defendants are diverse from all plaintiffs, and removal is proper on that ground.

9  **B.  Amount in Controversy**

10  Plaintiffs' Complaint states that Plaintiffs seek "special and general damages,
11  compensatory damages for emotional distress and other economic and non-economic
12  losses as to each Plaintiff in an amount not to exceed two million dollars per
13  Plaintiff;" a permanent injunction, "actual damages . . . up to a maximum of three
14  times the amount of actual damages but no less than four thousand dollars . . . per
15  Plaintiff . . . in an amount not to exceed two million dollars per Plaintiff;" and for
16  other damages and costs. (Compl. ¶ 81.) However, Plaintiffs' argument in attempting
17  to remand this case is that the Complaint does not state an amount in controversy.
18  (Mot. 4—5.) Plaintiffs argue that at a minimum, their Complaint prays for $8,000 in
19  damages each, which is far below the jurisdictional minimum, rather than
20  acknowledging the possible maximum damages amount of $2,000,000 per plaintiff.
21  (*Id.* 5.) Plaintiffs cannot have it both ways. The Complaint makes clear that Plaintiffs
22  seek general, exemplary, special, and treble damages, all of which are calculated in
23  determining the amount in controversy. *See Conrad Associates v. Hartford Acc &*
24  *Indemn. Co.*, 994 F.Supp. 1196 (N.D. Cal. 1998).

25  Even though the Complaint describes the amount in controversy as a cap, "not
26  to exceed two million dollars per Plaintiff," this suffices as a statement of the amount
27  in controversy upon which Defendants can rely in properly removing the action to
28  federal court. *Morey v. Louis Vuitton North America, Inc.* is a case where the amount

in controversy could be *up to* a certain amount for each alleged violation in the Complaint. 461 Fed.Appx. 642, 643 (9th Cir. 2011). The statute at issue provided for civil penalties "not to exceed" $250 for first violations and $1,000 for subsequent violations. *Id.* Based on the high number of alleged violations, in the aggregate those "not to exceed" penalty amounts could result in an amount in controversy higher than the jurisdictional limit, and the court found that the amount in controversy exceeded the minimum for purposes of removal. *Id.* The Court held that as long as the amount claimed in the Complaint's prayer for relief was apparently made in good faith, that amount controls. *Id.*

Here, Plaintiffs' Complaint clearly alleges that damages in this case may reach the two million dollar cap per plaintiff. (*See* Compl. ¶ 81.) This number obviously far exceeds the $75,000 jurisdictional minimum, and there is nothing suggesting that Plaintiffs did not claim this amount in good faith. With this in mind, the Court finds that the amount in controversy exceeds the jurisdictional minimum for purposes of removal.

### C. Sanctions

As a final matter, both Plaintiffs and Defendants request an award of fees and costs. The removal statute provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C § 1447(c). Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed. 2d 547 (2005). Conversely, when an objectively reasonable basis exists, fees should be denied. *Id.*

Removal may still be reasonable even if the removing party's arguments lack merit and the removal is ultimately unsuccessful. *Lussier v. Dollar Tree Stores, Inc.*, 518 F. 3d 1062, 1065 (9th Cir. 2008). Rather, the court should assess "whether the relevant case law clearly foreclosed the defendant's basis of removal" by examining

the "clarity of the law at the time of removal." *Id.* at 1066. By way of analogy, the same can be said for a party's arguments in attempting to remand.

Here, the Court does not find either party's arguments in support of removal or in support of remand so objectively unreasonable that they warrant an award of attorneys' fees. *See Lussier*, 518 F. 3d at 1065 (noting that while "[t]here is no question that [the defendant's] arguments were losers[,] ... removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted"). Given the understandable ambiguity in stating possible damages as a cap ("not to exceed" two million dollars per plaintiff), the dispute over whether the matter should be remanded was not unreasonable. Therefore, Plaintiffs' and Defendants' requests for costs and fees are both **DENIED**.

## V.　CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand and **DENIES** Plaintiffs' request for costs as moot. Defendants' request for monetary sanctions is **DENIED**. The temporary stay of this case is **LIFTED**.

**IT IS SO ORDERED.**

October  20, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**